IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dwight Xavier Jones, | ) C/A No. 5:11-1533-RBH-KDW |
|---|---|
| Plaintiff, | ) |
| v. | ) Report and Recommendation |
| Sgt. Clawson, Lexington County Detention Center; C/O Johnathan Jeffcoat, Lexington County Detention Center; C/O Randle, Lexington County Detention Center; and Jason Merrill, Cayce Public Safety, | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion to Dismiss for Failure to State a Claim filed by Defendant Merrill on September 21, 2011, ECF No. 18, and a Motion for Summary Judgment filed by Defendants Clawson, Jeffcoat and Randle on May 10, 2012, ECF No. 55. As Plaintiff is proceeding pro se, the court entered *Roseboro* orders[1] on September 21, 2011 and May 11, 2012, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF Nos. 21, 56. Plaintiff responded to Defendant Merrill's motion on October 13, 2011 and Defendants Clawson, Jeffcoat, and Randle's motion on June 7, 2012, making these motions ripe for consideration. ECF Nos. 24, 62. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the

---

[1] On September 21, 2011, United States Magistrate Judge Paige J. Gossett, entered "Roseboro order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.[2] Because these motions are dispositive, a Report and Recommendation is entered for the court's review.[3]

I.  Background

Plaintiff Dwight Javier Jones is an inmate currently incarcerated at the Trenton Correctional Institution in the custody of the SCDC. ECF No. 55-1 at 1. Plaintiff was housed at Lexington County Detention Center ("LCDC") during the time period relevant to his Complaint. ECF No. 1. Plaintiff filed his Complaint on June 23, 2011, alleging constitutional and other deprivations against Defendants, including medical indifference, conditions of confinement, improper disposition of disciplinary actions and cruel and unusual punishment. ECF No. 1. Plaintiff contends that on May 22, 2011 Defendant Jeffcoat entered his cell and "went through [his] bucket looking through legal work." ECF No. 1 at 4. Plaintiff stated that he had "[his] papers from medical in [his] hands for extra mattress and blanket" and that the officers knew that he came to LCDC with a bullet lodged in his C2 vertebrae. *Id.* Plaintiff contends that on a number of occasions the Defendants deliberately "caused an issue" with his mattress and blanket. ECF No. 62 at 1. Plaintiff claims that his soap and socks were thrown away and that Defendant Randle "snatched [his] papers out of his hands" after he told her that as a detainee "the 1st Amendment to talk is attached this isn't prison and no one has signed any plea." *Id.*

Plaintiff was then taken to lock-up because he was being argumentative, going through the items that were assembled outside Plaintiff's cell, and disobeying direct orders to put down the items that he removed from the pile. *Id.;* ECF No. 55-5 at 2. Plaintiff avers that he was

---
[2] On January 2, 2012, the matter was reassigned from United States Magistrate Judge Paige J. Gossett, to the undersigned. ECF No. 40.
[3] Other pending motions are addressed within.

"rehoused on May 30, 2011" and that he "was on the board for June 9, 2011" and that his disposition would be "time served" if a hearing was not held within seven days. ECF No. 1 at 7. Plaintiff argues that Defendant Clawson put June 9, 2011 on the board, and that June 16, 2011 was his end date. ECF No. 1 at 7. Plaintiff contends that Defendants are not going by the rules that they set. *Id.* Defendants contend that Plaintiff appears to complain that he was "detain[ed] beyond the disciplinary detention time to which he was sentenced." ECF No. 55-1 at 16.

Plaintiff also complains about hazardous conditions in the "old section" of LCDC. *Id.* Plaintiff states that the "old jail is supposed to be condemned. They've tried to cover it up by painting it that doesn't take away the mold." *Id.* Plaintiff also complains about the lack of hooks to hang damp clothes and that inmates' recreation is taken if they hang clothes on "vents or window seal[s] (sic)." *Id.* Plaintiff further contends that they are forced to use "moldy damp stinking towels that smell like the NFL." ECF No. 1 at 6. Plaintiff is seeking damages in the amount of $750,000 and for Defendants Clawson, Jeffcoat and Randle to lose their jobs. ECF No. 1 at 7.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff

has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. A pro se complaint should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendants' motions be granted, thus ending this case.

III. Analysis

    A. Defendant Merrill's Motion to Dismiss

Defendant Merrill asserts that Plaintiff's Complaint does not comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure in that Plaintiff's Complaint fails to mention Defendant Merrill in "the body of that document, much less assert any specific claim against this Defendant." ECF No. 18 at 2-3. Plaintiff further contends that Plaintiff's Complaint fails to allege what rights Defendant Merrill violated, when such violations occurred, or any facts that link a purported legal right to any action or inaction by Defendant Merrill. *Id.* at 3. Plaintiff's response to Defendant's motion does not address these arguments, but instead consists of a one-page diatribe against Defendant Clawson. ECF No. 24 at 1.

The undersigned has reviewed Plaintiff's Complaint and supporting documents, and these documents do not contain any allegations against Defendant Merrill.[4] The undersigned, therefore recommends that Defendant Merrill's Motion to Dismiss be granted. *Twombly*, 550 U.S. 522 and *Iqbal*, 556 U.S. at 678-80 (holding that bare allegations, unsupported by specific facts, are insufficient to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6)).

---

[4] Plaintiff's Response to Defendants Clawson, Jeffcoat and Randall's Motion for Summary Judgment offers an unsupported allegation that Defendant Merrill lied about the number of shots fired by Plaintiff in an unrelated criminal matter and implies that Merrill should be disciplined or prosecuted. *See* ECF No. 62 a 2. It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Additionally, a prisoner may not institute criminal proceedings against a State or its officers for violation of his rights under the color of law. *Dixon v. State of Maryland*, 261 F. Supp. 746, 749 (D. Md. 1966). Furthermore, the court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979)(stating that the decision whether to prosecute and what charges to file generally rest in the prosecutor's discretion). Plaintiff has therefore failed to state a plausible claim against Merrill.

B. Defendants Clawson, Jeffcoat and Randall's Motion for Summary Judgment

Defendants Clawson, Jeffcoat, and Randall contend that they are entitled to summary judgment on Plaintiff's claims because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), codified as 42 U.S.C. § 1997(e)(a). ECF No. 55-1 at 18-20. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth,* 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaust administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v. Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In support of their Motion for Summary Judgment, Defendants Clawson, Jeffcoat, and Randle introduce the affidavit of Major Kevin Jones, Jail Administrator for LCDC. ECF No. 55-2 at 1. Mr. Jones attests that the administrators of LCDC "have an established inmate grievance procedure that allows the inmates to file grievances related to the conditions of confinement." *Id.* at 4. Under the procedures, a grievance must be filed with the inmate's dorm officer and either the officer or the officer's immediate supervisor will respond to the grievance. *Id.* If the inmate is not satisfied with the initial response, the inmate "must appeal the response up the chain of command, with final responses being issued by the Jail Administrator." *Id.* Mr. Jones attests he reviewed his files and that as Jail Administrator Plaintiff did not appeal any grievance

to him. *Id.* Defendants therefore argue that Plaintiff failed to exhaust the administrative remedies available to him at LCDC. *Id.*

In responding to Defendants' Motion for Summary Judgment, Plaintiff did not specifically address the allegation that he failed to exhaust his administrative remedies. ECF No. 62. Plaintiff's exhibits to his response to Defendants' motion do show that Plaintiff filed grievances concerning his medical care and documentation establishing that he had permission from LCDC's medical team to possess an extra mattress and blanket. ECF No. 62-1 at 2, 4, 6-10, 18, 21-22, 24, 29, 35. None of these grievances, however, reflect that Plaintiff appealed the initial responses he received to his grievances as is required by the LCDC's grievance procedures. *Id.* Plaintiff is, therefore, not able to overcome the undisputed evidence that he failed to exhaust his administrative remedies on his claims. *See Pozo*, 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (finding that an inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983). The undersigned recommends that the court grant Defendants Clawson, Jeffcoat, and Randle's Motion for Summary Judgment.

C. Plaintiff's Motion for Injunction

Plaintiff has filed a motion seeking injunctive relief. ECF No. 65. Plaintiff has not articulated any specific grounds for this motion, but it appears that Plaintiff has filed this motion in response to Defendants' summary judgment argument that Plaintiff's procedural due process claim should be dismissed because Plaintiff is only seeking monetary damages. ECF No. 55-1 at

17-18; ECF No. 62 at 2. Injunctive relief requires a party to demonstrate that (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Upon the undersigned's review of his pleadings and evidence, Plaintiff has not established entitlement to relief under the factors set out in *Winter*. As detailed above, the undersigned recommends granting Defendants' Motion for Summary Judgment, making it plain that Plaintiff is unlikely to be successful in the underlying dispute. Therefore, the undersigned recommends denying Plaintiff's Motion for Injunction.

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant Merrill's Motion to Dismiss for Failure to State a Claim, ECF No. 18, and Defendants Clawson, Jeffcoat, and Randle's Motion for Summary Judgment, ECF No. 55, be granted. The undersigned further recommends the court deny Plaintiff's Motion for Injunction, ECF No. 65.

IT IS SO RECOMMENDED.

July 17, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**