IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | Civil Action No.: 5:11-cv-01533-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Sgt. Clawson, Lexington County Detention Center; C/O Johnathan Jeffcoat, Lexington County Detention Center; C/O Randle, Lexington County Detention Center; and Jason Merrill, Cayce Public Safety, | ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] [R&R, Doc. # 69.] In the R&R, the magistrate recommends that the Court grant Defendant Merrill's Motion to Dismiss for Failure to State a Claim [Doc. # 18], and grant Defendants Clawson, Jeffcoat, and Randle's Motion for Summary Judgment [Doc. # 55]. Plaintiff filed objections to the R&R on July 27, 2012. [ Obj., Doc. # 71.]

**Standard of Review**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed the two-page submission that Plaintiff styles as his "objections," and they are without merit. Plaintiff merely claims that the facts "spoke for itself," and then proceeds to generally allege racism. [Obj., Doc. # 71.] Plaintiff fails to take issue with any finding in the R&R. [*Id.*] Accordingly, none of the objections offered by Petitioner meet the applicable standard

set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Petitioner's pleadings.

In light of the Petitioner's failure to assert any specific objections to the R&R, this Court is not required to respond to his statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)). The issues in this case were correctly addressed by the magistrate and this Court will not address the issues a second time.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Petitioner's objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Defendant Merrill's Motion to Dismiss for Failure to State a Claim [Doc. # 18] is **GRANTED**; Defendants Clawson, Jeffcoat, and Randle's Motion for Summary Judgment [Doc. # 55] is **GRANTED** ; and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that all outstanding motions are **DENIED** as moot.

**IT IS SO ORDERED**.

                                                      s/ R. Bryan Harwell
                                                      R. Bryan Harwell
                                                      United States District Judge

Florence, South Carolina
July 30, 2012